UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE NEW GEORGIA PROJECT et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-01229-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-01259-JPB |

| | |
|---|---|
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BRIAN KEMP et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:21-cv-01284-JPB |
| ASIAN AMERICANS ADVANCING JUSTICE–ATLANTA et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BRAD RAFFENSPERGER et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:21-cv-01333-JPB |
| VOTEAMERICA et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BRAD RAFFENSPERGER et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:21-cv-01390-JPB |

# ORDER

This matter is before the Court on the Republican National Committee, National Republican Senatorial Committee, Georgia Republican Party, Inc. and the National Republican Congressional Committee's ("Proposed Intervenors") motions to intervene in the above-styled cases.  Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I.  BACKGROUND

The complaints in each action challenge aspects of Georgia Senate Bill 202 ("SB 202"), which changes certain election procedures in the state of Georgia. Proposed Intervenors seek to intervene as of right or, alternatively, by permission of the Court.[1]

Proposed Intervenors argue that they are entitled to intervene as of right because their motions are timely given that they were filed shortly after the plaintiffs filed their complaints; they have a clear interest in the litigation because changes in voting procedures could affect candidates and voters of the Republican Party; and no other party adequately represents those interests.

---

[1] Proposed Intervenors filed virtually identical briefs in each case, and the plaintiffs' arguments in opposition to the motions are similar.  The Court therefore addresses the motions collectively herein for efficiency purposes.

With respect to permissive intervention, Proposed Intervenors argue that the Court should exercise its discretion in their favor because their defenses share common questions of law and fact with the actions, and intervention will not result in delay of the matter or prejudice to the plaintiffs.

The plaintiffs oppose intervention because they argue that Proposed Intervenors are not entitled to intervene as of right since they have not identified a legally protectable interest that could be impaired by these proceedings, and they have failed to demonstrate that the interests they allege to possess are not adequately represented by the existing defendants.  The plaintiffs further argue that permissive intervention is not warranted because including Proposed Intervenors in these actions will inevitably delay their prompt resolution.  They explain that this is especially true where Proposed Intervenors have not demonstrated specific legal interests that necessitate intervention and will therefore introduce unnecessary witnesses and collateral issues; their ultimate objective is the same as the existing defendants'; their participation will not shed new light on any of the issues; and they have the option to participate as *amicus curiae*.

Additionally, the plaintiffs in the *Vote America* case conclude that Proposed Intervenors' filing of virtually identical briefs in all of the cases demonstrates that

they cannot grapple meaningfully with the plaintiffs' individual arguments and would not bring value to the litigation.

## II.     ANALYSIS

Federal Rule of Civil Procedure 24(a)(2) allows third parties to intervene as of right in pending litigation where they "claim[] an interest relating to the property or transaction that is the subject of the action[] and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest, unless existing parties adequately represent that interest." *See also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) ("A party seeking to intervene as of right under Rule 24(a)(2) must show that:  (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.").

"Under Rule 24(b)(2)[,] a district court may permit intervention 'when an applicant's claim or defense and the main action have a question of law or fact in common.'" *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1367 (11th Cir. 1982).  However, "the court must consider whether the intervention will

unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, the plaintiffs do not contest that Proposed Intervenors' defenses share a common question of law or fact with the current actions.[2]  In any event, given that the complaints allege, among other things, that SB 202 is designed to suppress voting in certain communities, and Proposed Intervenors argue that invalidating SB 202 would impair their ability to elect their chosen candidates, the Court finds that Proposed Intervenors' defenses do share a common question of law or fact with the complaints.  Accordingly, the condition for permissive intervention under Rule 24(b)(2) is satisfied.

The remaining issue for the Court to decide is whether intervention would cause undue delay or prejudice.  To that end, the Court finds that because Proposed Intervenors moved to intervene soon after the complaints were filed (in all cases within one to two weeks), and the cases are still at the answer stage, allowing them to join the actions at this point will not cause undue delay or burden.  Further, while the Court agrees that intervention will require the plaintiffs and the Court to devote additional resources to these actions, the Court finds that the significant interests at stake militate in favor of permitting Proposed Intervenors to join the

---

[2] They also do not contest that the motions to intervene are timely.

litigation.  The Court also notes that "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

For all these reasons, the Court **GRANTS** Proposed Intervenors' motions to intervene:  1:21-cv-01229 (ECF Nos. 6 & 18); 1:21-cv-01259 (ECF No. 19); 1:21-cv-01284 (ECF No. 38); 1:21-cv-01333 (ECF No. 20); 1:21-cv-01390 (ECF No. 25).[3]  The Clerk is **DIRECTED** to add Proposed Intervenors as defendants in the respective actions.

**SO ORDERED** this 4th day of June, 2021.

J. P. BOULEE
United States District Judge

---

[3] In light of this ruling, the Court need not address whether Proposed Intervenors are entitled to intervene as of right in these actions.  *See, e.g., Alabama v. United States Dep't of Com.*, No. 2:18-CV-772-RDP, 2018 WL 6570879, at *2 (N.D. Ala. Dec. 13, 2018) (stating that "because the court finds permissive intervention is appropriate . . ., the court need not address whether the [proposed intervenors] may intervene as a matter of right").