## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA, *et al.*, *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, *Defendants*. | CIVIL ACTION FILE NO. 1:21-CV-01333-JPB |

## REPLY IN SUPPORT OF COUNTY DEFENDANTS'
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs' First Amended Complaint, which arbitrarily named six sets of county election officials as defendants ["County Defendants"], did not set forth facts sufficient to demonstrate standing to seek relief against the counties. After the County Defendants moved to dismiss the Amended Complaint [Doc. 53], Plaintiffs' Response in Opposition to County Defendants' Motion to Dismiss [Doc. 57] still failed to allege sufficient facts or otherwise demonstrate that they have suffered an injury-in-fact which is traceable to or redressable by the County Defendants named in this action. Accordingly, this Court does not have jurisdiction over the claims asserted against the County Defendants, and the County Defendants therefore

request that the Court dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

**A.  Plaintiffs Have Failed to Allege a Sufficiently Definite Injury in Fact.**

Plaintiffs attempt to argue in their Response that they plead facts sufficient to establish a concrete "diversion of resources" injury to Plaintiff Asian Americans Advancing Justice-Atlanta ("AAA-J"). However, this Court has previously ruled in *Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cty. Bd. of Registrations & Elections*, 499 F. Supp. 3d 1231, 1240 (N.D. Ga. 2020), that organizational plaintiffs must show "what they would have to divert resources away *from* in order to spend additional resources on combatting the effects of [SB 202].  If a plaintiff claims that part of its mission is to educate and inform voters regarding voting laws, "there is no indication that [a plaintiff] would in fact be diverting any resources away from the core activities it already engages in by continuing to educate and inform…voters." *Id*.

This exact scenario of "diverting resources" from its core activities to use for the same core activities is precisely what Plaintiffs have alleged in the Amended Complaint with respect to Plaintiff AAA-J.  In support of its assertion of a cognizable injury, Plaintiffs allege that the new efforts AAA-J must engage in

> will include educating voters on new restrictions related to voting by mail, such as the shortened time window for requesting an absentee

2

ballot; the new photo ID requirement for requesting an absentee ballot; limitations upon absentee ballot drop-off locations; prohibitions on who can return a completed absentee ballot application; and further information that voters must provide on their absentee ballots. SB 202 will require [AAA-J] to expend additional voter-education efforts, such as producing significant print and digital materials; translating these materials into multiple languages; and distributing them through various channels, including social media, traditional media, ethnic media, and text messaging platforms. [AAA-J] will need to train staff and educate its community partners on SB 202's changes to the voting by mail process.

[AAA-J] will also need to help AAPI and other LEP voters navigate or resolve higher voting hurdles they will face under SB 202. For example, AAA-J] will need to identify and assist voters whose absentee ballot applications are rejected for failure to submit required ID documents or voters whose absentee ballots are rejected because of missing or mismatching identifying information on their ballots. [AAA-J] will also be required to create, translate, and distribute guides to AAPI communities explaining how voters can cure these errors.

[Doc. 57, p.9, citing FAC ¶¶ 21-23; 25.] However, Plaintiffs fail to explain what activities resources will be diverted from to engage in these new activities. Because such activities are within the existing mission of AAA-J, this alleged diversion of resources is insufficient to establish an injury in fact for purposes of standing. *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020); *Ga. Ass'n of Latino Elected Officials,* 499 F.Supp.3d at 1240 (N.D. Ga. 2020). Following Plaintiffs' argument to its logical conclusion, AAA-J would suffer a cognizable injury anytime there is a change in election law or administration about which AAA-J wants to provide education or support.

In addition, Plaintiffs points to steps that they *will take* in response to S.B. 202, rather than steps that they have taken to address concrete impacts of the law. [Doc. 57, p.9]. Thus, the Amended Complaint does not establish that the alleged impacts of S.B. 202 are occurring now, but that AAA-J and the individual Plaintiffs will make changes to their activities to address impacts that may occur in the future. To be sure, Plaintiffs are very careful to use affirmative language and avoid qualifiers in their Amended Complaint and in their Response asserting that hypothetical future events definitively "will" happen. Despite their overly confident language, the reality is that Plaintiffs have not demonstrated any concrete past injury, nor have they made a case for the imminent threat of a particularized injury.

However, where a "hypothetical future harm" is not "certainly impending," plaintiffs "cannot manufacture standing merely by inflicting harm on themselves." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 416, 422 (2013); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (affirming dismissal of claims for lack of standing based on plaintiff's claims of injury due to his own efforts to protect against potential identity theft in the future).[1]

---

[1] In addition to the arguments set forth above, County Defendants incorporate by reference as if fully set forth herein Section I of the Reply Brief in Support of State Defendants' Motion to Dismiss. [Doc. 52, pp. 2-4].

**B. Plaintiffs Have Failed to Demonstrate that Their Alleged Injuries are Traceable to or Redressable by the County Defendants.**

In response to County Defendants' argument that Plaintiffs' claims are not traceable to County Defendants, Plaintiffs argue that because County Defendants must implement the provisions at issue, the claims are automatically traceable to them. Plaintiffs apparently rely on *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296, 1299. [Doc. 57, p.13]. However, the *Lewis* court held that plaintiffs could not show redressability because the defendant – the Attorney General of Alabama - lacked the authority to enforce the statute at issue. *Id.*, 944 F.3d at 1296-1301. The court did not hold that the existence of authority to implement the subject statute is dispositive of the traceability question.

Indeed, the *Lewis* court, expounding upon *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992), made it clear that more is required than simply naming a government party with the ability to enforce the complained of regulation:

> …where, as is perhaps typically the case, "the plaintiff is himself an object of the [regulatory] action (or forgone action) at issue," there is "ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." But when…"a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of someone else"—there, the funding agencies—"much more is needed" to establish standing. The reason is because "[i]n that circumstance," both the traceability and redressability inquiries "hinge on the response of the regulated (or regulable) third party to the government action or

inaction—and perhaps on the response of others as well." In other words, when "[t]he existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of . . . discretion the courts cannot presume either to control or to predict," plaintiffs must demonstrate that "those choices have been or will be made in such a manner as to produce causation and permit redressability of injury."

*Lewis*, 944 F.3d 1287, at 1304-05.

In this case the Plaintiffs' claims are based largely upon speculation about unfettered choices made by independent actors.  For example, many of the claims in the Amended Complaint focus on how SB 202 will affect absentee voting, but what method to use for voting is a distinctly individual choice that can vary for a person from election to election.   Likewise, the organizational Plaintiff makes vague projections that it may or may not shift resources around within its budgets, but those budgeting decisions will no doubt be affected by the internal policy and fiscal decisions of its governing board, as well as the decisions of the other 153 counties not named in this suit.

As noted in County Defendants' initial brief, simply naming an arbitrary set of county election officials as defendants does not meet Plaintiffs' burden to demonstrate traceability and redressability. Instead, Plaintiffs must demonstrate how their alleged future injuries are traceable to and redressable by County Defendants' conduct. *See, e.g.*, *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641

F.3d 1259, 1265 (11th Cir. 2011) (alleged injury cannot "result [from] the independent action of some third party not before the court").  Traceability does not exist where "an independent source would have caused [plaintiff] to suffer the same injury." *Swann v. Sec'y, Georgia*, 668 F.3d 1285, 1288 (11th Cir. 2012).

Although Plaintiffs point to several provisions of SB 202 which local elections officials and staff implement – restricted timeframes to request and receive absentee ballots, O.C.G.A. §§ 21-2-381, 21-2-386, the limits on access to drop boxes, *id*. § 21-2-382, the prohibition against proactive mailing of absentee ballot applications, id., new identification requirements for absentee voting , *id*. §§ 21-2-381, 21-2-386 – those provisions do not impart any discretion to County Defendants with regard to their implementation. In addition, at least one of the provisions being challenged by Plaintiffs, the criminalization of assistance in returning completed absentee ballot applications, is not enforced by County Defendants but local law enforcement. *See* O.C.G.A. 21-2-381(a)(C)(ii) ("Handling a completed absentee ballot application by any person or entity other than as allowed in this subsection shall be a misdemeanor.")

In essence, Plaintiffs seek to place the County Defendants between the proverbial rock and a hard place, demanding that county election officials preemptively defy SB 202 if they don't wish to be a party to this lawsuit, without

any court order or other authority granting the counties permission to ignore the complained-of provisions, or risk having to pay attorney's fees to Plaintiffs if they follow the requirements of the law. Such an unjust outcome cannot have been the aim of the Court in *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020), or any other case which addresses the issue of redressability.

Moreover, Plaintiffs continue to simply argue that they do not have to sue all county election officials in Georgia to obtain the requested relief, even though they allege that Plaintiff AAA-J operates throughout the state.[2] [Doc. 27, ¶ 20] In doing so the Plaintiffs tacitly admit the relief they seek would lead to "arbitrary and disparate treatment to voters in its different counties," *Bush v. Gore*, 531 U.S. 98, 107, 121 S. Ct. 525, 531 (2000), with six counties bound by an order from this Court and the remaining 153 counties following existing law. Although Plaintiffs assert that the holding in *Bush* was limited to the circumstances of the 2000 Presidential election, courts have repeatedly cited the *Bush* opinion for the exact proposition on which County Defendants rely – that the Court cannot grant relief which would

---

[2] Plaintiffs suggest for the first time in their Response that "the injuries alleged in the FAC against the County Defendants arise from how SB 202 is enforced in the counties where the Individual Plaintiffs live and where Advancing Justice-Atlanta focuses its election work . . . ." [Doc. 57, p.18, n.1]  However, there are no allegations in the First Amended Complaint that suggest the County Defendants are implementing the provisions of SB 202 differently than non-party counties.

result in disparate treatment of voters across Georgia. *See, e.g., Curling v. Raffensperger*, 397 F. Supp. 3d 1334, 1403 (N.D. Ga. 2018) (finding that continued use of voting machines could result in disparate treatment of voters under *Bush v. Gore*); *Black Voters Matter Fund v. Raffensperger*, No. 20-cv-01489-AT, 2020 WL 2079240, at *3 N.D. Ga. 2020) (noting that <u>the</u> injunctive relief requested by plaintiffs "could yield a measure of disparity in postage relief as a practical matter, that would touch on the Court's weighing of the public interest factor for the June 2020 Election.") A remedy that leads to unequal treatment of voters based upon which counties Plaintiffs chose to sue would create more problems than it resolves.

Consequently, because Plaintiffs have failed to clearly articulate in their Amended Complaint how their claimed injuries are traceable to and redressable by the County Defendants, they have not carried their burden of demonstrating standing to sue the counties. For all the reasons set forth above and in County Defendants' Brief in Support of County Defendants' Motion to Dismiss First Amended Complaint [Doc. 27], County Defendants request that the Court enter an order dismissing all claims against them in Plaintiffs' First Amended Complaint.

Respectfully submitted this 9th day of August, 2021.

HAYNIE, LITCHFIELD & WHITE, PC

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
Haynie, Litchfield & White, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com
*Attorneys for Cobb County Defendants*

**Consented to and joined by the following County Defendants:**
FULTON COUNTY REGISTRATION AND ELECTIONS BOARD, ALEX WAN, MARK WINGATE, KATHLEEN D. RUTH, VERNETTA K. NURIDDIN, and AARON V. JOHNSON, Members of the Fulton County Registration and Elections Board, in their official capacities, RICHARD L. BARRON, Director of the Fulton County Registrations and Elections board, in his official capacity;

By:               **OFFICE OF THE FULTON COUNTY ATTORNEY**

/s/ *Kaye Woodard Burwell*
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
*Attorneys for Fulton County Defendants*

10

DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, ANTHONY LEWIS, SUSAN MOTTER, DELE L. SMITH, SAMUEL E. TILLMAN, and BAOKY N. VU, Members of the DeKalb County Board of Registrations and Elections, in their official capacities, ERICA HAMILTON, Director of the DeKalb County Board of Registration and Elections, in her official capacity; [3]

By:                             **DEKALB COUNTY LAW DEPARTMENT**

                                /s/ *Irene B. Vander Els*
                                Irene B. Vander Els
                                Georgia Bar No. 033663
                                ivanderels@dekalbcountyga.gov
                                Bennett D. Bryan
                                Georgia Bar No. 157099
                                bdbryan@dekalbcountyga.gov
                                *Attorneys for DeKalb County Defendants*

GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, ALICE O'LENICK, WANDY TAYLOR, STEPHEN W. DAY, JOHN MANGANO, GEORGE AWUKU, and SANTIAGO MARQUEZ, Members of the Gwinnett County Board of Registrations and Elections, in their official capacities, LYNN LEDFORD, Director of the Gwinnett County Board of Registrations and Elections, in her official capacity;

By:                             **GWINNETT COUNTY LAW DEPARTMENT**

                                /s/ *Tuwanda Rush Williams*
                                Tuwanda Rush Williams

---

[3] The DeKalb County Defendants consent to and join in the arguments set forth in Section B of the Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint only.

11

Deputy County Attorney
Georgia Bar No: 619545
tuwanda.williams@gwinnettcounty.com
/s/ *Melanie F. Wilson*
Melanie F. Wilson
Senior Assistant County Attorney
Georgia Bar No. 768870
Melanie.wilson@gwinnettcounty.com
*Attorneys for Gwinnett County Defendants*

CLAYTON COUNTY BOARD OF ELECTIONS AND REGISTRATION, DARLENE JOHNSON, DIANE GIVENS, CAROL WESLEY, DOROTHY F. HALL, and PATRICIA PULLAR, Members of the Clayton County Board of Elections and Registration, in their official capacities, SHAUNA DOZIER, Clayton County Elections Director, in her official capacity.[4]

By:                                 **FREEMAN MATHIS & GARY, LLP**

/s/ *Jack R. Hancock*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
*Counsel for the Clayton County Defendants*

---

[4] The Clayton County Defendants consent to and join in the arguments set forth in Section B of the Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint only.

12

FORSYTH COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS, BARBARA LUTH, MATTHEW BLENDER, JOEL NATT, CARLA RADZIKINAS, and RANDY INGRAM, Members of the Forsyth County Registrations and Elections Board, in their official capacities, MANDI B. SMITH, Director of the Forsyth County Board of Elections and Registration in her official capacity;

By:                                           **JARRARD & DAVIS LLP**

/s/ *Patrick D. Jaugstetter*
Patrick D. Jaugstetter
Georgia Bar No. 389680
patrickj@jarrard-davis.com
Jarrard & Davis LLP
222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)
*Counsel for the Forsyth County Defendants*

13

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2021, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

15