**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE–ATLANTA; et al., | |
| *Plaintiffs*, | |
| v. | No. 1:21-cv-1333-JPB |
| Brad RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; et al., | |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE; et al., | |
| *Intervenor-Defendants*. | |

**INTERVENORS' REPLY IN SUPPORT**
**OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

Introduction ...........................................................................................................1

Argument ...............................................................................................................1

    Idiosyncratic burdens that do not affect voters categorically do not
    implicate the constitutional right to vote...............................................1

Conclusion.............................................................................................................5

Certificate of Compliance.....................................................................................5

Certificate of Service ...........................................................................................5

## INTRODUCTION

To avoid duplicative briefing, Intervenors will limit this reply to Plaintiffs' *Anderson-Burdick* claims. Replies are not "necessary" in this Court, L.R. 7.1(C), and Plaintiffs' other claims are addressed in Intervenors' opening briefs, the relevant parts of the State's briefs, and Intervenors' replies in the related cases. *See, e.g.*, Intvrs.' Reply in *AME* (addressing absentee voting); Intvrs.' Reply in *NAACP* (addressing §2 and intentional discrimination); Intvrs.' Reply in *NGP* (addressing the First Amendment). Intervenors join and incorporate all those arguments. As for *Anderson-Burdick*, Plaintiffs' attempts to rehabilitate their legally defective allegations are unpersuasive. This Court should dismiss Count III with prejudice (as well as Count III in *AME*, Count I in *NGP*, Count III in *NAACP*, and Count IV in *CBC*).

## ARGUMENT

### Idiosyncratic burdens that do not affect voters categorically do not implicate the constitutional right to vote.

*Anderson-Burdick* is a balancing test: When it applies, courts weigh the burdens on voting rights against the State's interests. But as Intervenors explained, not all "burdens" count as burdens under *Anderson-Burdick*. Burdens based on the peculiar circumstances of individual voters, rather than voters as a category, are not relevant. *See* Mot. (Doc. 54-1) 5-8. Plaintiffs' responses to this basic legal point are unpersuasive.

Intervenors' argument about what burdens count under *Anderson-Burdick* can and should be resolved on a motion to dismiss. *Cf.* Opp. (Doc. 58) 17. While courts "must evaluate laws *that burden voting rights* using the approach

of *Anderson* and *Burdick*," courts "'have to identify a burden before [they] can weigh it.'" *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1261 (11th Cir. 2020) (emphasis added; quoting *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 205 (2008) (Scalia, J., concurring in the judgment)). If Intervenors are right that noncategorical burdens are legally irrelevant, then this Court has nothing to weigh under *Anderson-Burdick*. SB 202 should be upheld under rational-basis review.

Intervenors recently won this dispute in *League of Women Voters of Minnesota Educ. Fund v. Simon*—a case that Plaintiffs neither cite nor attempt to distinguish. As that court explained, Intervenors' "purely legal" challenge "does not require weighing the burdens and benefits of [the challenged election law] under *Anderson-Burdick*." 2021 WL 1175234, at *7 (D. Minn. Mar. 29). A constitutional right-to-vote claim is simply "not plausible if it is based only on burdens tied to the peculiar circumstances of individual voters." *Id.* at *8; *accord Comm. to Impose Term Limits (etc.) v. Ohio Ballot Bd.*, 885 F.3d 443, 448 (6th Cir. 2018) ("Although the *Anderson-Burdick* test can at times be fact intensive," dismissal is appropriate "where the plaintiffs' arguments fail[] as a matter of law.").

Indeed, Plaintiffs *concede* that they allege only noncategorical burdens on certain voters. *See* Opp. 9, 12, 14, 17. Even if they had tried to allege more, they could not plausibly allege that SB 202's routine requirements impose burdens on most voters. While Plaintiffs insist that their allegations are different because they allege special burdens "on the basis of race," Opp. 16 n.3,

2

Plaintiffs are conflating their right-to-vote claim with their racial-discrimination claim. If a plaintiff can plausibly plead intentional discrimination, then an election law can be invalidated on that ground. "But this scrutiny would come from the Fourteenth Amendment's Equal Protection Clause." *Tully v. Okeson*, 977 F.3d 608, 614 (7th Cir. 2020), *cert. denied*, 2021 WL 2519129 (U.S. June 21). "It would not come from" the constitutional "right to vote." *Id.*

Having conceded that their allegations fail the categorical approach articulated by Justices Scalia, Thomas, and Alito in *Crawford*, Plaintiffs insist that the categorical approach is "non-precedential," "novel," and inconsistent with governing law. Opp. 14-17. They are incorrect. The lead opinion in *Crawford*—itself written for only three Justices—"neither rejects nor embraces" the categorical approach. *Crawford*, 553 U.S. at 208 (Scalia, J., concurring in the judgment); *accord League of Women Voters of Minn.*, 2021 WL 1175234, at *7 (noting that, if Justice Stevens' opinion disagreed with Justice Scalia's, the disagreement was "not obvious" or "explicit"). The lead opinion did not embrace "the idea of measuring the burden on a subset of voters"; it "*refrained* from weighing the 'special burden' faced by 'a small number of voters' because the evidence on the record … made it impossible." *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 631 (6th Cir. 2016) (emphasis added; quoting *Crawford*, 553 U.S. at 200, 202 (op. of Stevens, J.)). The Eleventh Circuit did the same in *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1354 (11th Cir. 2009). Intervenors' position is thus an open question in this circuit, and several

courts have resolved that question in Intervenors' favor. *See* Mot. 8. This Court should too.

While Plaintiffs latch onto nonbinding opinions from other district courts, they never dispute that the categorical approach follows directly from first principles. The categorical approach comes from the binding majority opinions that developed the *Anderson-Burdick* test in the first place. Mot. 6. It also follows from the Constitution's rejection of disparate-impact analysis and its allocation of power over elections to state legislatures. Mot. 7. Idiosyncratic burdens might be enough to confer *Article III standing* on a particular plaintiff. But those burdens cannot be enough to trigger a full-blown balancing analysis for every election law, or else it would allow "a political question—whether a rule is beneficial, on balance—to be treated as a constitutional question and resolved by the courts rather than by legislators." *Luft v. Evers*, 963 F.3d 665, 671 (7th Cir. 2020). And courts' "Fourteenth Amendment analysis of voting laws would risk collapsing into a standing analysis." *Richardson v. Tex. Sec'y of State*, 978 F.3d 220, 236 n.33 (5th Cir. 2020). Either conclusion "flouts" the entire point of the *Anderson-Burdick* line of cases—decisions that told courts *not* to invalidate the vast majority of state election laws. *Id.*

That the judiciary should not scrutinize every election law "may seem counterintuitive" to plaintiffs who are used to asking federal courts to "usurp[] the authority of state legislatures to regulate elections," but "it should not." *Jacobson*, 974 F.3d at 1269. "Our founding charter never contemplated that federal courts would dictate the manner of conducting elections." *Id.* The

4

proper categorical approach to *Anderson-Burdick* honors that principle, comes from binding Supreme Court precedents, and should be adopted here. It disposes of Plaintiffs' constitutional right-to-vote claims.

## CONCLUSION

This Court should dismiss Plaintiffs' amended complaint with prejudice.

Respectfully submitted,

Dated: August 9, 2021

/s/ *Tyler R. Green*

| | |
|---|---|
| John E. Hall, Jr. | Tyler R. Green (*pro hac vice*) |
|   Georgia Bar No. 319090 | Cameron T. Norris (*pro hac vice*) |
| William Bradley Carver, Sr. | Steven C. Begakis (*pro hac vice*) |
|   Georgia Bar No. 115529 | CONSOVOY MCCARTHY PLLC |
| W. Dowdy White | 1600 Wilson Blvd., Ste. 700 |
|   Georgia Bar No. 320879 | Arlington, VA 22209 |
| HALL BOOTH SMITH, P.C. | (703) 243-9423 |
| 191 Peachtree St. NE, Ste. 2900 | tyler@consovoymccarthy.com |
| Atlanta, GA 30303 | cam@consovoymccarthy.com |
| (404) 954-6967 | steven@consovoymccarthy.com |

*Counsel for Intervenor-Defendants*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *Tyler R. Green*

## CERTIFICATE OF SERVICE

On August 9, 2021, I e-filed this document on ECF, which will serve everyone requiring service.

/s/ *Tyler R. Green*

5