UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
|---|---|

**AMENDED CONSOLIDATED/JOINT DISCOVERY STATEMENT**

Plaintiff Asian Americans Advancing Justice-Atlanta served identical First Set of Requests for Production ("Requests") on State Defendants and Intervenor-Defendants (collectively, "Defendants/Intervenors") on August 5, 2022. On September 4 and 6, 2022, Intervenor-Defendants and State Defendants respectively responded with objections to the Requests and did not produce any requested documents. *See* Exs. 1-2. The parties then met and conferred on October 11, 2022. On January 17, 2023, Plaintiff sent Defendants/Intervenors a letter offering to narrow the Requests, but Defendants/Intervenors reiterated their objections. The parties thus seek guidance from the Court to address this discovery dispute.

A. **Plaintiff's Position**

Plaintiff seeks discovery regarding communications between Defendants/Intervenors and those associated with seeking to overturn the results of the 2020 election, including the Stop-the-Steal or Capitol Riot organizers and participants. Contrary to this Court's Standing Order and the Federal Rules of Civil Procedure, which prohibit boilerplate objections in response to discovery requests, Defendants/Intervenors responded with identical, boilerplate objections to each request on relevance and proportionality grounds. *See* Standing Order Regarding Civil Litigation Section III.j.ii; Fed. R. Civ. P. 34(b)(2)(B). By issuing boilerplate objections and outright refusing to produce any responsive documents, despite

Plaintiff's effort to negotiate the timeframe and scope of the Requests, Defendants/Intervenors have failed to satisfy their discovery obligations.

The requested documents are highly relevant to the validity of Defendants'/Intervenors' contention that SB 202 was drafted and passed to address widespread voter fraud and lack of voter confidence in the 2020 election. *See* State Defs.' Br. ISO Mot. to Dismiss 16, No. 1:21-cv-01333, ECF 41-1. The requested documents are also crucial for Plaintiff's intent-based claims to the extent they discuss passing SB 202 to suppress votes by minorities.

State Defendants argue that responsive documents to these requests were already covered by the search terms negotiated for Plaintiff's previous document requests. However, the previous search terms, including "voter fraud" and "voter confidence," will not reveal communications that do not explicitly use those terms but convey efforts to disenfranchise minority voters based on false claims of voter fraud. State Defendants have refused to negotiate different search terms for the documents sought in the Requests. Indeed, Defendants/Intervenors have yet to conduct searches to inform Plaintiff if any responsive documents even exist. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Accordingly, Plaintiff requests that the Court order Defendants/Intervenors to search all

3

appropriate records and immediately produce responsive documents.

### B. State Defendants' Position

As State Defendants explained to Plaintiff six months ago, the Requests do not seek records relevant to any party's claim or defense in this matter. Despite conferring about these Requests five months ago, Plaintiff waited until now to press this issue, when the parties are nearing the end of discovery and taking dozens of depositions. Plaintiff's delay in advancing this issue significantly undercuts the suggestion that these records are relevant to Plaintiff's claims.[1]

However, there are at least two additional reasons why the Court should not order State Defendants to conduct additional searches—the requested records are not relevant or proportional to the needs of the case.[2] *See* Fed. R. Civ. P. 26(b)(1).

First, the records Plaintiff seeks, were they to exist, are not relevant to any party's claim or defense. *See id.* Here, Plaintiff argues that: (1) the third-party communications they seek are relevant to whether "SB 202 was drafted and passed to address widespread voter fraud and lack of voter confidence in the 2020

---

[1] If the Court nonetheless concludes that State Defendants must conduct additional searches, that would only underscore the need for additional time to complete discovery, as State Defendants recently requested. *See* [Doc. 453].

[2] While true that State Defendants objected based on relevance to each of the Requests, that does not make the objections "boilerplate." It simply means that each Request sought records not relevant to a party's claim or defense.

4

election[;]" and (2) such communications "are also crucial for Plaintiff's intent-based claims to the extent they discuss passing SB 202 to suppress votes by minorities." But Plaintiff offers no explanation for how the views of third parties are evidence of State Defendants' intent. Rather, the views of the third parties are their own. And Plaintiff has had ample opportunity through discovery to explore the intent of State Defendants, including by asking them directly in depositions. Accordingly, since the Requests seek records that are not relevant to Plaintiff's claims, State Defendants should not be required to conduct additional searches.

Second, the Requests are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Rather, there is ample reason to believe that no such records exist. During the early phases of discovery, the parties negotiated an exhaustive list of hundreds of search terms. And, contrary to Plaintiff's suggestion above, those terms cast a broad net, resulting in State Defendants producing more than 1.3 million pages of records. For instance, the parties agreed that State Defendants would search for records including communications about voter fraud, voter confidence, election security, electoral confidence, drop boxes, and potential fraud or confusion at polling places.[3] Yet it speaks volumes that Plaintiff has not

---

[3] Further, when searching for records discussing these topics, the State Defendants' searches included terms that go directly to Plaintiff's Request: cheat*, "vote flip",

identified *a single document* to suggest that any such communications exist.

Instead, Plaintiff relies exclusively on bald speculation that documents might exist. Such speculation will not do. *See Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1121 (N.D. Ga. 2007) ("Allowing discovery based on such unsupported, conclusory statements would be a fishing expedition").

Accordingly, there are many reasons to reject Plaintiff's request that the Court order State Defendants to conduct additional searches. Even when narrowed, Plaintiff's Requests still seek records that are not relevant to any party's claim or defense in this matter. And, given "the questionable likelihood" that the records Plaintiff seeks exist, the "uncertain relevancy to the case," *Banana Distributors v. United Fruit,* 19 F.R.D. 493 (S.D.N.Y. 1956), and Plaintiff's unreasonable delay in seeking relief from this Court, State Defendants request that the Court deny Plaintiffs' request.

### C.   Intervenors' Position

For the reasons explained by the State, Intervenors agree that the records sought by Plaintiff, to the extent any exist, are not relevant. Nor are Plaintiff's

---

"flipping votes"; fraud; illeg*; fake; fraud; steal; stolen; and rigged. And the searches did not merely look for the words "voter fraud" or "voter confidence." Rather, the parties agreed that the State Defendants would look for such words in the vicinity of each other (*e.g.*, (vot* /15 fraud); (vot* /15 illegal*); (vot* /15 integrity); etc.).

requests proportional to the needs of the case, especially in light of the substantial disclosures that have already been made.

The documents requested from Intervenors are even further afield from relevant information. Plaintiff speculates that the requested documents might include information relevant to the State's reasons for enacting SB202 and Plaintiff's intent-based claims against the State. But Plaintiff has never explained the relevance of information sought from Intervenors to the intent of the State in enacting SB202. At a minimum, any relevant documents would come from the State, not Intervenors.

This lack of relevance of the requested documents is confirmed by Plaintiff being the only plaintiff in this complex litigation seeking this kind of information. Yet Plaintiff has continued to press demands for the requested documents despite failing to link the requested documents to any relevant information.

Plaintiff's inability to offer anything other than unsupported speculation that the requested documents might be relevant confirms that these requests were made for the improper purpose of harassing Intervenors. Intervenors request that this Court deny Plaintiff's request and order Plaintiff to pay Intervenors' fees and expenses associated with response to these improper requests. *See* Fed. R. Civ. P. 26(g)(3).

Respectfully submitted,

*/s/ Meredyth L. Yoon*
MEREDYTH L. YOON
(Georgia Bar No. 204566)
LAURA MURCHIE*
ASIAN AMERICANS ADVANCING
JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)
*myoon@advancingjustice-atlanta.org*
*lmurchie@advancingjustice-atlanta.org*

*/s/ Eileen Ma*
EILEEN MA*
KIMBERLY LEUNG*
ASIAN AMERICANS ADVANCING
JUSTICE-ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*
*kimberlyl@advancingjustice-alc.org*

*/s/ Niyati Shah*
NIYATI SHAH*
TERRY AO MINNIS*º
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)

8

202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*

*/s/ R. Adam Lauridsen*
Leo L. Lam*
R. Adam Lauridsen*
Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
Emily A. Hasselberg*
Zainab R. Ramahi*
Emily L. Wang*
Niharika S. Sachdeva*
KEKER, VAN NEST AND PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400  (Telephone)
415 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*
*ehasselberg@keker.com*
*zramahi@keker.com*
*ewang@keker.com*
*nsachdeva@keker.com*

*Attorneys for Plaintiffs Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Nora Aquino, Angelina Thuy Uddullah, and Anjali Enjeti-Sydow*
*Admitted pro hac vice

*º Not admitted in D.C.*

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene S. McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Nicholas P. Miller*
Edward H. Trent*
Cristina Martinez Squiers*
Joshua J. Prince*
Annika B. Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*\*Admitted pro hac vice*

10

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

/s/ *William Bradley Carver, Sr.*

John E. Hall, Jr.
Georgia Bar No. 319090
William Bradley Carver, Sr.
Georgia Bar No. 115529
W. Dowdy White
Georgia Bar No. 320879
HALL BOOTH SMITH, P.C.
191 Peachtree St. NE, Ste. 2900
Atlanta, GA 30303
(404) 954-6967

Tyler R. Green (*pro hac vice*)
Cameron T. Norris (*pro hac vice*)
Jeffrey S. Hetzel (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209

11

(703) 243-9423
cam@consovoymccarthy.com

*Counsel for Intervenor-Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1C, N.D. Ga.

>                               /s/ R. Adam Lauridsen
>                               R. ADAM LAURIDSEN
>                               Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on March 7, 2023, a true and correct copy of the foregoing Joint Discovery Statement was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to all attorneys of record.

*/s/ R. Adam Lauridsen*
R. ADAM LAURIDSEN
Attorney for Plaintiffs
